IN THE MATTER OF: CHARLES GOSSETT BALLARD

No. 7625DC1022

(Filed 5 October 1977)

1. Insane Persons § 1.2— imminent danger—overt act not necessary
    Evidence of a recent overt act is not necessary to a finding that a respondent is imminently dangerous to himself or others.

2. Insane Persons § 1.2— imminent danger—sufficiency of evidence
    The court's finding that respondent was imminently dangerous to himself or others was supported by evidence that respondent had assaulted his daughter-in-law while she was lying in bed; respondent explained that he had whipped his son and daughter-in-law because they were going to take him back to the hospital and were "no account"; while a patient in a State hospital, defendant concealed a knife and soft drink bottle on his person; at the time the bottle was discovered, respondent explained that he was "going to get them before they got him"; and respondent has suffered irreversible brain damage and is paranoid.

APPEAL by respodnent from *Edens, Judge.* Judgment entered 21 October 1976 in District Court, BURKE County. Heard in the Court of Appeals 20 September 1977.

Respondent is an elderly patient at Broughton Hospital in Morganton. The Chief of Medical Services at that facility determined that he was in need of further care and treatment beyond the period for which he was committed. A hearing was held, and the judge found that respondent was mentally ill, imminently dangerous to himself or others and in need of continued hospitalization. He ordered that respondent be recommitted for a period not to exceed one year.

*Attorney General Edmisten, by Associate Attorney Isaac T. Avery III, for the State.*

*Prentiss Anne Allen, for respondent appellant.*

VAUGHN, Judge.

Respondent does not except to that part of the order finding that he is mentally ill. Through counsel, however, he argues that the evidence is insufficient to support the court's finding that he was imminently dangerous to himself or others.

To support a recommitment order, the court is required to find "by clear, cogent, and convincing evidence that the respondent is mentally ill . . . and imminently dangerous to himself or others, and in need of continued hospitalization." G.S. 122-58.11(d). The court must record the facts which support its findings.

[1] The thrust of respondent's argument appears to be as follows: It is very difficult to predict potentially dangerous behavior. The Court should, therefore, require that any potentially dangerous behavior be evidenced by a recent overt act.

This Court has previously rejected respondent's argument.

"The words 'imminently dangerous' simply mean that a person poses a danger to himself or others in the immediate future. An overt act may be clear, cogent and convincing evidence which will support a finding of imminent danger, but we cannot agree that there must be an overt act to establish imminent dangerousness." *In re Salem,* 31 N.C. App. 57, 61, 228 S.E. 2d 649, 652 (1976).

[2] There is ample evidence in the record to support the judge's findings. It includes evidence of an unprovoked and potentially

deadly assault with a cane on his daughter-in-law while she was lying in bed. While a patient at the hospital, respondent concealed potentially dangerous weapons about his person—a knife and a soft drink bottle. At the time the bottle was discovered, he explained he "were going to get them before they got him." During an examination by a hospital physician about three weeks before the hearing, respondent explained that he had whipped his son and daughter-in-law because they were going to bring him back to the hospital and that they were "no account." Respondent has suffered irreversible brain damage and is paranoid. In the doctor's opinion he is imminently dangerous to himself or others.

The order is affirmed.

Affirmed.

Judges HEDRICK and CLARK concur.